1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHADERICK A. INGRAM,
                                         No. CIV S-08-2545 LKK DAD PS
11            Plaintiff,

12        v.

13   SACRAMENTO POLICE
     DEPARTMENT, et al.,               ORDER AND
14
              Defendants.              FINDINGS AND RECOMMENDATIONS
15   _____/

16            This matter came before the court on January 15, 2010, for hearing of the motion

17   for summary judgment brought by defendants Griffin and Miller (Doc. No. 53).[1]  Marcos

18   Alfonso Kropf, Esq. appeared on behalf of the moving parties.  Plaintiff Ingram, who is

19   proceeding pro se in this action, made no appearance and failed to file written opposition to

20   defendants' motion.  Defendants' motion for summary judgment was taken under submission.

21            Also before the court are plaintiff's motion to proceed in forma pauperis on

22   appeal, "Motion for Appealing Judgement or Order Pursuant to Federal Rules of Civil Procedure

23   73," and motion for transcripts at government expense (Doc. Nos. 50, 51, and 52).

24   _____

25        [1] Plaintiff has not filed evidence of service of process on defendant Sacramento Police
     Department and has not sought leave to amend his complaint to name defendants sued as DOES
26   1-50.  The undersigned will therefore recommend that all unserved defendants be dismissed
     pursuant to Fed. R. Civ. P. 4(m).

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

I.  Legal Standards Applicable to a Motion for Summary Judgment

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  See Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Owen v. Local No. 169, 971 F.2d 347, 355 (9th Cir. 1992).

> A party moving for summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

"[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"  Celotex Corp., 477 U.S. at 323.  Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  See id. at 322.  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Id.  Summary judgment should then be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied."  Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968); Ruffin v. County of Los Angeles, 607 F.2d 1276, 1280 (9th Cir. 1979).  In attempting to establish the existence of a factual dispute, the

1   opposing party may not rely upon the allegations or denials of its pleadings but is required to

2   tender evidence of specific facts in the form of affidavits, and/or admissible discovery material,

3   in support of its contention that a dispute exists.  See Fed. R. Civ. P. 56(e)(2); Matsushita, 475

4   U.S. at 586 n.11.  The opposing party must demonstrate that facts in contention are material, i.e.,

5   facts that might affect the outcome of the suit under the governing law, and that the dispute is

6   genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving

7   party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v.

8   Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).  Thus, the "purpose of

9   summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether

10  there is a genuine need for trial.'"  Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)

11  advisory committee's note on 1963 amendments).

12  II.  Application of the Standards

13          Defendants Griffin and Miller seeks summary judgment or summary adjudication

14  in their favor on the ground that they did not stop, detain, search, or have any contact with

15  plaintiff in November 2007 and could not have violated plaintiff's constitutional rights as

16  alleged.  Defendants also seek summary judgment on the grounds that (1) the First, Sixth and

17  Fourteenth Amendment claims alleged by plaintiff fail because all potential claims arising from

18  an alleged detention or search must be analyzed under the Fourth Amendment; (2) the facts

19  alleged in plaintiff's complaint fail to demonstrate that any of his First Amendment rights were

20  denied; (3) the facts alleged in plaintiff's complaint fail to demonstrate that he was prosecuted by

21  either of the defendants or that he was in any way deprived of his rights under the Sixth

22  Amendment; and (4) the facts alleged in plaintiff's complaint fail to demonstrate that his

23  Fourteenth Amendment rights were violated in any way.

24          Defendants' motion includes a separate statement of undisputed facts supported

25  by (1) plaintiff's complaint, (2) the declaration of defendant Officer Kevin Griffin dated

26  December 8, 2009, (3) the declaration of defendant Sergeant Andrew Miller dated December 8,

1  2009, (4) the declaration of Supervising Dispatcher Paul E. Troxel dated December 14, 2009, and

2  (5) the declaration of defendants' counsel dated December 14, 2009.

3             Defendants' evidence establishes the following:  (1) plaintiff alleges that he was

4  stopped and detained by Officer Griffin and Sergeant Miller in November 2007; (2) plaintiff has

5  not produced or disclosed to defendants' counsel any evidence or documentation in support of

6  his allegation that he was stopped and detained by Officer Griffin and Sergeant Miller in

7  November 2007; (3) the Communications Division for the Sacramento Police Department

8  maintains records called "unit histories" that generally include a history of officer contacts and

9  activity in the field, including records checks; (4) it is the general practice of Officer Griffin and

10 Sergeant Miller to notify the Sacramento Police Department's dispatch center when they are

11 involved in a traffic stop or when they detain or search a person in the field, unless radio traffic

12 or other circumstances prevent them from doing so; (5) the unit histories maintained by the

13 Sacramento Police Department do not show any stops or detentions of plaintiff in November

14 2007; (6) the unit histories for Officer Griffin and Sergeant Miller do not show that they

15 performed any traffic stops on Colfax Street in the city of Sacramento in November 2007; (7) it

16 is the general practice of Officer Griffin and Sergeant Miller to run a records check of any person

17 they detain in the field; (8) the records maintained by the Sacramento Police Department do not

18 include any record of plaintiff being stopped, detained, or contacted by Officer Griffin, by

19 Sergeant Miller, or by any other Sacramento Police officer in November 2007; and (9) neither

20 Officer Griffin nor Sergeant Miller ever contacted, stopped, or detained plaintiff in November

21 2007.

22             As required by the standards applicable to motions for summary judgment,

23 defendants have identified portions of the pleadings, materials obtained through discovery, and

24 affidavits that demonstrate the absence of a genuine issue of material fact as to plaintiff's claims.

25 The burden thus shifts to plaintiff to establish that a genuine issue as to any material fact actually

26 does exist.  Plaintiff must demonstrate that any fact in contention is material, i.e., it might affect

4

1   the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence

2   might lead a reasonable jury to return a verdict for plaintiff.

3           Plaintiff failed to file timely opposition to defendants' properly noticed motion,

4   failed to appear at the hearing of the motion, and failed to seek leave to file opposition after the

5   motion was taken under submission.  As noted above, a party opposing summary judgment may

6   not rely on the allegations or denials of his pleadings but must tender evidence of specific facts in

7   the form of affidavits and/or admissible discovery material.  In the absence of any evidence or

8   argument filed in opposition to defendants' motion, the court has reviewed plaintiff's complaint

9   and other filings but finds no evidence demonstrating the existence of a disputed issue of

10  material fact.  In particular, the court has reviewed the copies of medical records attached to

11  plaintiff's "Motion for Appealing Judgement or Order Pursuant to Federal Rules of Civil

12  Procedure 73" but finds that these records, as presented, provide no evidence that plaintiff was

13  stopped or detained by defendants Griffin and Miller in November 2007.

14          On the present record, there does not appear to be a scintilla of evidence that

15  defendant Griffin or defendant Miller violated plaintiff's constitutional rights in November 2007.

16  See Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000) ("A scintilla of evidence or

17  evidence that is merely colorable or not significantly probative does not present a genuine issue

18  of material fact" precluding summary judgment); see also Summers v. A. Teichert & Son, Inc.,

19  127 F.3d 1150, 1152 (9th Cir. 1997).  In the absence of any evidence of a disputed issue of

20  material fact regarding plaintiff's claims, defendants Griffin and Miller are entitled to summary

21  judgment in their favor on all of plaintiff's claims.  After adequate time for discovery, plaintiff

22  has not even attempted to establish the existence of any disputed issue of fact regarding elements

23  essential to his claims and on which he would bear the burden of proof at trial.  There is no

24  genuine need for trial in this case.

25  /////

26  /////

PLAINTIFF'S MOTIONS RELATED TO INTERLOCUTORY APPEAL

Plaintiff's "Motion for Appealing Judgement or Order Pursuant to Federal Rules of Civil Procedure 73" will be denied because no final judgment has been entered in this case and plaintiff has failed to demonstrate that an interlocutory appeal should be permitted.  See 28 U.S.C. § 1292.  Plaintiff's related motions to proceed in forma pauperis on appeal and for transcripts at government expense will be denied without prejudice.  After judgment is entered in this case by the Clerk of the Court, any party may file a notice of appeal without seeking court permission.  The Federal Rules of Appellate Procedure set out the requirements for taking an appeal from final judgment.  See Fed. R. App. P. 3 & 4.  Transcripts should not be requested unless the Court of Appeals notifies the appellant that transcripts are needed.

CONCLUSION

The undersigned will recommend that defendants' motion for summary judgment be granted.  In light of that recommendation, the dates currently set for final pretrial conference and trial will be vacated pending a ruling by the assigned district judge on defendants' motion for summary judgment.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's November 23, 2009 motion to proceed in forma pauperis on appeal (Doc. No. 50) is denied without prejudice;

2.  Plaintiff's November 23, 2009 motion for leave to file an interlocutory appeal (Doc. No. 51) is denied;

3.  Plaintiff's November 23, 2009 motion for transcripts at government expense (Doc. No. 52) is denied without prejudice;

4.  Final Pretrial Conference set for April 19, 2010, and Jury Trial set for July 20, 2010, both before the Honorable Lawrence K. Karlton, are vacated, and the parties are relieved of the obligation to file pretrial statements;

/////

1        5.  The Clerk of the Court is directed to serve this order and findings and

2    recommendations on plaintiff at his address of record and also at the following address:

3            Chaderick A. Ingram, X-3076322
        Sacramento County Main Jail

4            651 I Street
        Sacramento, CA 95814;

5

6        6.  The Clerk of the Court is directed to send a courtesy copy of this order and

7    findings and recommendations to:

8            Lexi Negin, Assistant Federal Defender
        Office of the Federal Defender for the Eastern District of California

9            801 I Street, 3rd Floor
        Sacramento, California 95814;

10

11       IT IS RECOMMENDED that:

12       1.  The December 14, 2009 motion for summary judgment brought by defendants

13   Griffin and Miller (Doc. No. 53) be granted;

14       2.  Defendant Sacramento Police Department be dismissed due to plaintiff's

15   failure to effect service of process on the defendant within 120 days after the complaint was filed;

16       3.  Defendants DOES 1-50 be dismissed due to plaintiff's failure to discover the

17   names of other defendants and seek leave to amend his complaint; and

18       4.  This action be dismissed.

19       These findings and recommendations will be submitted to the United States

20   District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within

21   fourteen (14) days after being served with these findings and recommendations, any party may

22   file written objections with the court.  A document containing objections should be titled

23   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections

24   shall be filed within seven (7) days after the objections are served.  The parties are advised that

25   /////

26   /////

1   failure to file objections within the specified time may, under certain circumstances, waive the

2   right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3   DATED: April 6, 2010.

4

5                                                         _____

6                                                         DALE A. DROZD
                                                          UNITED STATES MAGISTRATE JUDGE
7   DAD:kw
    Ddad1\orders.prose\ingram2545.f&r.msjgr
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

                                            8